UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL SHUNOCK,

                Plaintiff,

-v-

APPLE, INC.,

                Defendant.

CIVIL ACTION NO. 23 Civ. 8598 (JLR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court are (i) the motion of Defendant Apple, Inc. ("Apple") to compel certain discovery from Plaintiff Michael Shunock ("Dr. Shunock") (ECF No. 42 ("Apple's Discovery Motion")), (ii) Dr. Shunock's motion to compel certain discovery from Apple and for a related extension of the case schedule (ECF Nos. 43; 45 ("Dr. Shunock's Discovery Motion")), and (iii) Dr. Shunock's motion for clarification of, or an amendment to, the parties' protective order (ECF No. 35 (the "Protective Order")). (ECF No. 46 (the "Protective Order Motion," with Apple's Discovery Motion and Dr. Shunock's Discovery Motion, the "Motions"). Having reviewed the parties' submissions, and for the reasons stated at the conference held today, June 21, 2024 (the "Conference") regarding the Motions, the Court orders as follows:

1. Apple's Discovery Motion is GRANTED IN PART and DENIED IN PART as follows:

   a. Apple's request for an order compelling Dr. Shunock to cooperate in the scheduling of the deposition of non-party Michael Gottschalk is GRANTED. The parties shall promptly meet and confer regarding the timing of Mr. Gottschalk's deposition in the remainder of June or July 2024.

    b. Apple's request for an order compelling Dr. Shunock to appear for a deposition before July 2, 2024 pursuant to the February 15, 2024 Case Management Plan (ECF No. 28 (the "CMP")) is DENIED. As discussed at the Conference, the parties will submit a proposed amended case management plan and Dr. Shunock's deposition shall occur on or after August 9, 2024. (See ¶¶ 2.c–d, infra).

    c. Apple's request for an order compelling Dr. Shunock to complete his document production prior to his deposition is DENIED as moot based on his counsel's representation at the Conference that he has completed his document production.

    d. Apple's request for an order compelling Dr. Shunock to supplement his responses to Interrogatories Nos. 1, 3, and 4 (see ECF No. 42 at 4) is DENIED for the reasons stated at the Conference, including that these Interrogatories seek information beyond the scope permitted by S.D.N.Y. Local Civil Rule 33.3.

2. Dr. Shunock's Discovery Motion is GRANTED IN PART and DENIED IN PART as follows:

    a. Dr. Shunock's request for an order compelling Apple to supplement its responses to Interrogatories Nos. 2 and 3 seeking the identification of certain witnesses (see ECF No. 43–2) is DENIED as moot. At the Conference, the parties agreed on the witnesses responsive to these Interrogatories (see ¶ 2.b, infra).

    b. Dr. Shunock's request for an order compelling Apple negotiate in good faith regarding the custodians whose files it will search for documents responsive

2

    to his document requests is GRANTED. At the Conference, Apple agreed to include the following individuals as additional custodians whose files it will search for responsive documents: (i) Alan C. Dye, (ii) Jonathan P. Ive, (iii) Christopher Wilson, (iv) Kevin Will Chen, and (v) Michael Stern (together, the "Additional Custodians"). The parties shall promptly meet and confer regarding (i) the search terms to be used in the search of the Additional Custodians' files, and (ii) a protocol for discovery relating to electronically stored information (the "ESI Protocol").

c. Plaintiff's request for an extension of the deadlines set forth in the CMP is GRANTED. The parties shall promptly meet and confer to agree on a proposed amended case management plan (the "PCMP").

d. By **June 28, 2024**, the parties shall file their proposed ESI Protocol and PCMP. To the extent the parties disagree about any portion of the ESI Protocol or PCMP, they may set forth their respective proposals for the disputed provision, <u>without argument</u>.

3. The Protective Order Motion is DENIED. At the Conference, Apple agreed that, pursuant to Paragraph 8.b.ix of the Protective Order, Dr. Shunock may view the following documents to which Apple has applied "Confidential" designations: (i) communications on which Dr. Shunock was a sender or recipient; and (ii) the "spreadsheet" that reflects a meeting between Dr. Shunock and Donna Ogier. To the extent that Dr. Shunock seeks to view other documents bearing "Confidential"

designations, he may seek Apple's written consent pursuant to the terms of the Protective Order.  (See ECF No. 35 ¶ 8.b.ix).

4. By **June 26, 2024**, the parties shall order a transcript of the Conference, and shall select the 7-day option for service.

For the reasons set forth above, Apple's Discovery Motion (ECF No. 42) is GRANTED IN PART and DENIED IN PART, Dr. Shunock's Discovery Motion (ECF Nos. 43; 45) is GRANTED IN PART and DENIED IN PART, and the Protective Order Motion (ECF No. 46) is DENIED.

The Clerk of Court is respectfully directed to close ECF Nos. 42, 43, 45, and 46.

Dated:   New York, New York
         June 21, 2024

SO ORDERED.

*Sarah Cave*

**SARAH L. CAVE**
**United States Magistrate Judge**