# WILMERHALE

January 27, 2025

Mark D. Selwyn

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

The Honorable Jennifer L. Rochon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Shunock v. Apple Inc.*, C.A. No. 1:23-cv-08598-JLR (S.D.N.Y.)

Dear Judge Rochon:

I write on behalf of Apple Inc. in the above-referenced case and in response to Dkt. 95, which requires the submission of a letter brief explaining why the sealing of Plaintiff's *Markman* Hearing Presentation slides at Dkt. 89-1 is justified.[1]  Apple agrees that the overwhelming majority of the slides in Plaintiff's Markman Presentation contain no confidential information and should be made public.  However, Apple respectfully requests that three slides—43-44 (pages 45-46 of 86 in Dkt. 91-1) and portions of 45 (page 47 of 86 in Dkt. 91-1)—remain under seal.  These slides were not germane to any reasoning in the Court's *Markman* decision, and they contain early design iterations for Apple Activity rings that Apple has kept confidential.  Apple has attached its proposed redacted version of the slides as Exhibit A to this letter.

A court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents."  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  "[T]he presumption of public access is lower" where, as here, a "non-dispositive" motion is at issue, *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13CV2581PKCJLC, 2021 WL 4135007, at *3 (S.D.N.Y. Sept. 10, 2021), and a "court must 'balance competing considerations against'" the presumption of access, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  "Established factors and values that can outweigh the presumption of public access include legal privilege, business secrecy, and privacy interests."  *CBF Industria*, 2021 WL 4135007, at *3.  In this case, the three slides are wholly irrelevant to claim construction, and the Court appropriately did not cite or discuss anything in the slides as part of the *Markman* decision.

The slides that Apple seeks to seal contain highly confidential information that is not publicly available and would reveal aspects of Apple's confidential design process for Activity rings.  As Jay Blahnik, Apple's Vice President of Fitness Technologies, recently explained at his January

---

[1] Your Honor directed Plaintiff to submit this letter, but since the information at issue belongs to Apple, the parties agree that it would be appropriate for Apple to respond rather than Plaintiff.  Plaintiff has informed Apple that he plans to take no position on whether slides 43-45 should remain sealed.

January 27, 2025
Page 2

WilmerHale

14, 2024 deposition, the Watch design process related to the fitness experience was confidential and kept to a small group of people.

Given the highly confidential nature of Apple's design process, the "business secrecy" interest at issue outweighs the presumption of public access, particularly given the very limited nature of the redactions and the irrelevance of the slides to the *Markman* decision. *See CBF Industria*, 2021 WL 4135007, at *3; *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (finding "sufficient basis to justify" sealing exhibits that contained "'highly confidential sales information, … ' which is not available to the public, and emails revealing confidential negotiations"), *reconsidered in part on other grounds*, No. 13-CV-8171 JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015). Courts in this District have found it appropriate to seal information that is similarly "limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" *E.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (holding redactions "relate[d] to confidential business information" were justified).

Accordingly, Apple respectfully requests that the Court grant its motion to seal slides 43-44 (pages 45-46 of 86) and portions of slide 45 (page 47 of 86) of Dkt. 89-1, consistent with the redactions in Exhibit A filed with this letter. Apple has no objection to the remainder of Plaintiff's *Markman* Slide Presentation being filed on the public docket.

Respectfully submitted,

/s/ Mark D. Selwyn

Mark D. Selwyn

*Counsel for Apple Inc.*

Request GRANTED. The Court finds that the proposed redactions are sufficiently narrowly tailored to balance the common law right of public access against Apple's countervailing interest in protecting its confidential business information. The parties shall file on the docket (1) a publicly available redacted version of Dkt. 89-1 and (2) an unredacted version of Dkt. 89-1 under seal with the redactions highlighted.

Dated: January 28, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**